UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, as servicer and attorney-in-fact for HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the registered holders of ACE Securities Corp. Home Equity Loan Trust, Series 2005-SN1, Asset Backed Pass-Through Certificates,<br><br>        Plaintiff,<br><br>        v.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE CO., AMERICAN FAMILY MUTUAL INSURANCE CO.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    1:07-cv-1449-SEB-WGH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON DEFENDANT NATIONWIDE MUTUAL FIRE INSURANCE COMPANY'S MOTION TO STAY PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE**

On December 7, 2007, Defendant Nationwide Fire Insurance Company ("Nationwide") filed a Motion to Stay Pursuant to the *Colorado River* Abstention Doctrine. (Docket No. 14). Plaintiff filed a Response on January 8, 2008. (Docket No. 20). After considering the parties' arguments, this Magistrate Judge concludes that Defendant's motion should be **GRANTED.**

A. **Background and Procedural History**

On September 8, 2006, Kenneth and Shonda Allen filed a Complaint for Damages against Nationwide, American Family Mutual Insurance Company ("American Family"), Richard Spangler d/b/a Rick Spangler Agency, and Ocwen

Loan Servicing, LLC ("Ocwen"). The Allens' Complaint for Damages was filed in Delaware County Circuit Court, Cause No. 18C04-0609-CT-15. On November 9, 2007, Ocwen filed a Motion for Leave to Amend Answer. Ocwen's proposed Amended Answer contained a cross-claim against Nationwide and American Family. Ocwen's cross-claim contains six counts – breach of contract, promissory estoppel and unjust enrichment against Nationwide and breach of contract, quasi contract and bad faith against American Family. Ocwen argues in its cross-claim that Nationwide and American Family wrongfully denied payment of insurance proceeds that were contractually due Ocwen as mortgagee pursuant to the Allens' homeowners insurance policies.

Simultaneously, on November 9, 2007, Ocwen filed the present action in this Court. Ocwen's Complaint also contained the same six counts as the state court cross-claim: (1) breach of contract, promissory estoppel and unjust enrichment against Nationwide; and (2) breach of contract, quasi contract and bad faith against American Family. Again, as in the state court cross-claim, Ocwen argues that it is entitled to the payment of insurance proceeds pursuant to the Allens' homeowners insurance policies.

Nationwide has since filed a motion to stay arguing that, under the *Colorado River* abstention doctrine, this federal court should abstain from exercising its jurisdiction because there is a parallel state court action and "exceptional circumstance" exist which compel abstention. Ocwen responds by essentially

conceding that there is a parallel state court action, but argues that there are no exceptional circumstances present that would justify abstention.

**B.     Discussion**

Nationwide argues that the circumstances that exist in this lawsuit are tailor-made for abstention. The Supreme Court, however, has cautioned that federal courts have a "virtually unflagging obligation" to exercise their statutory jurisdiction; abstention should only occur under "exceptional circumstances" where there is a concurrent state proceeding and the stay would promote "wise judicial administration." *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817-18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

District courts must engage in a two-pronged inquiry when determining whether or not abstention is appropriate. *Tyrer v. City of South Beloit,* 456 F.3d 744, 751 (7th Cir. 2006). First, the court must determine if the actions in state and federal court are parallel. *Id.* Second, if the suits are, in fact, parallel, then the court applies a ten-factor test to determine if abstention is appropriate. *LaDuke v. Burlington R.R.,* 879 F.2d 1556, 1559 (7th Cir. 1989).

**1.     Parallel Actions**

In order to meet the first prong of the *Colorado River* test, it must be demonstrated that the two actions are parallel. This does not require that the suits be identical. *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir. 1988). An action in federal court is parallel to a state court action "when substantially the same parties are contemporaneously litigating substantially the same issues" in both forums. *Clark v. Lacy,* 376 F.3d 682, 685 (7th Cir. 2004).

The two actions need not be in formal symmetry in order to be parallel; instead there should be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Const., Inc. v. Brant Const. Co., Inc.,* 780 F.2d 691, 695 (7th Cir. 1985).

In this case, Plaintiff essentially concedes that the state court cross-claim and this action in federal court are parallel. An examination of the two actions clearly reveals this. Each action includes the exact same parties and involves identical causes of action. Hence, the Court concludes that the actions are, in fact, parallel, and Nationwide has satisfied the first prong of *Colorado River*.

**2.     Exception circumstances**

Once it has been shown that a federal action is parallel to a state court action, the Court's second task is to examine whether exceptional circumstances exist which support a decision to stay the federal proceedings. The following factors are used to decide whether to defer to the concurrent jurisdiction of a state court: (1) whether the state court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. *Colorado River,* 424 U.S. at 817, *Lumen,* 780 F.2d at 694-95. The Court must analyze these ten non-exclusive factors on a case-by-case

basis. *LaDuke,* 879 F.2d at 1559. No one particular factor is "necessarily determinative." *Colorado River,* 424 U.S. at 818. "The weight to be given any one factor is determined solely by the circumstances of the particular case – there is no mechanical formula by which to determine when a stay is appropriate." *Schneider Nat'l Carriers, Inc. v. Carr,* 903 F.2d 1154, 1157 (7th Cir. 1990).

Here, the factors weigh in favor of a stay. The Court does note that this dispute does not involve a situation where a state court has assumed jurisdiction over property, so that factor does weigh against a stay. However, many other factors must be considered.[1]

First, there is a desire to avoid piecemeal and duplicative litigation. This case is similar to *Clark v. Lacy* in that "[w]ithout staying the federal proceeding, the two actions would proceed simultaneously – duplicating the amount of judicial resources required to reach a resolution." 376 F.3d at 687. There would be a risk that two different triers of fact could examine the facts and the homeowners insurance policy and come to different conclusions. The desire to avoid this result favors a stay.

Second, the source of governing law is the State of Indiana. Ocwen's claims are all based upon common law causes of action. And, " a state court's expertise in applying its own laws favors a *Colorado River* stay." *Day v. Union Mines, Inc.,* 862 F.2d 652, 660 (7th Cir. 1988).

---

[1] The Court also concludes that there are some neutral factors. Neither action involves a decidedly more convenient forum than the other. Additionally, the actions were both initiated at relatively the same time.

Third, because an Indiana state court will be exclusively handling issues of Indiana law, the Indiana court is well equipped to protect Ocwen's rights.

Fourth, the state court action could have been removed to federal court. There would have been complete diversity of citizenship, and Ocwen has not provided any evidence that there was some obstacle to removing the case to federal court.

In evaluating all of these factors, a stay is warranted. The two suits are parallel, and there are "exceptional circumstances" that exist which lead the Court to reach this outcome. Issuing a stay would clearly promote wise judicial administration.

**C. Conclusion**

Based on the doctrine of *Colorado River* abstention, the Court hereby **STAYS** all proceedings in this case. Within thirty (30) days of this date, counsel for Plaintiff is ordered to notify the Court of the status of the pending state court matter, and the likely date of resolution in that court. This Court will set a status conference at about the time of likely resolution so that if unanticipated further proceedings are necessary in this Court, an appropriate schedule will be in place to resolve them.

**SO ORDERED**.

**Dated:** September 5, 2008

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

-7-

**Electronic copies to:**

Michael R. Bain
HUME SMITH GEDDES GREEN & SIMMONS
mbain@humesmith.com

Lucy Renee Dollens
LOCKE REYNOLDS LLP
ldollens@locke.com

Samuel Dustin Ellingwood
HUME SMITH GEDDES GREEN & SIMMONS
sellingwood@humesmith.com

Melanie D. Margolin
LOCKE REYNOLDS LLP
mmargolin@locke.com

Chantelle Renee Neumann
POTESTIVO & ASSOCIATES, P.C.
cneumann@potestivolaw.com

Robert Scott O'Dell
O'DELL & ASSOCIATES PC
rodell@odell-lawfirm.com

Joon K. Park
POTESTIVO & ASSOCIATES, P.C.
jpark@potestivolaw.com