UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC Corporate Parent OCWEN FINANCIAL CORPORATION;  as servicer and attorney-in-fact for HSBC Bank USA, NA, as Trustee on behalf of ACE Securities Corp Home Equity Loan Trust and for the registered holders of ACE Securities Corp Home Equity Loan Trust Series 2005-SN1 Asset Backed Pass-Through Certificates,<br><br>             Plaintiff,<br><br>   vs.<br><br>NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>             Defendants. | No. 1:07-cv-01449-SEB-DML |

## Order Withdrawing Referral, Modifying Summary Judgment Order, and Determining Amount of Judgment

This Court's order on the parties' motions for summary judgment (Dkt. 104) established, among other things, that defendant American Family Mutual Insurance Company ("American Family") is "liable to Ocwen [Loan Servicing ("Ocwen")] for the mortgage amount due on the Talley Avenue residence as of November 12, 2005, plus accrued interest and fees incurred up to the date of judgment." Dkt. 104 at pp. 22, 31. The order also established that Nationwide's obligation is the same as American Family's (*see id.* at 28), and the parties agree that once the Court determines the amount due Ocwen under the applicable

policies, Nationwide and American Family would each be liable for one-half that amount.  (*See* Dkt. 122.)[1]

Following the summary judgment order, American Family filed a Motion to Alter or Amend the Judgment (Dkt. 106).  The Court denied that motion except as to American Family's arguments directed to the language quoted above that establishes liability for "accrued interest and fees incurred up to the date of the judgment."  The Court referred the matter to Magistrate Judge Lynch to consider that issue as well as any other matters necessary to the entry of final judgment in this cause.  (Dkt. 120)  Following that reference, the magistrate judge held a pretrial conference and issued an order setting forth the parties' stipulations and their agreements as to what issues remained for determination.  (Dkt. 122)  Defendants American Family and Nationwide later supplemented their positions on the remaining issues (Dkts. 123 and 124), and plaintiff Ocwen opposed those supplementations (Dkt. 125).

On March 6, 2013, the magistrate judge directed American Family and Nationwide to submit any additional evidence on the supplemental issues they had raised and to brief those issues.  The insurers did so (Dkts. 127 and 128), and Ocwen filed a brief in response (Dkt. 129).  Having reviewed all of the parties' submissions, the Court concludes that there are no further factual matters to be determined in this case and therefore withdraws its reference to the magistrate

---

[1] American Family maintains, however, that it is not contractually liable in the first instance and intends to appeal the Court's summary judgment ruling on that issue.

judge for a report and recommendation. The remaining issues are resolved as follows, and final judgment will now issue.

Amount Owing Under the Policies

American Family has asked the Court to modify its summary judgment order with respect to "interest and fees incurred up to the date of judgment," arguing that it is contrary to the policy language and Indiana law. As noted above, the Court explained in its order of September 19, 2012, that it would reconsider that portion of its order. Despite that directive, the only argument Ocwen has advanced in response to American Family's position is that this Court's summary judgment ruling on the issue is the law of the case. That, of course, is not a persuasive response when the Court has announced its intention to reconsider it.

Having considered the parties' arguments, the Court determines that it must modify the portion of its March 29, 2012 summary judgment entry (Dkt. 104) that describes the extent of American Family's contractual obligation to Ocwen. The Court stated that American Family is liable to Ocwen "for the mortgage amount due on the Talley Avenue residence as of November 12, 2005, *plus accrued interest and fees incurred up to the date of judgment.*" (Dkt. 104 at p. 31, emphasis added). The court had made clear in its order, however, that American Family is *not* liable for consequential damages, *id.* at p. 22 n.12, but only for losses under the policy's standard mortgage clause, which extended coverage to Ocwen as mortgagee "as its interest appears." Similarly, Nationwide has never disputed that its policy extended coverage to Ocwen as mortgagee "as its interest appears." *See also* Dkt.

122 at (2) (Court's entry noting that "Nationwide does not contest liability to Ocwen under its policy, but rather the amount due").

In *Fifth Third Bank v. Indiana Ins. Co.,* 771 N.E.2d 1218 (Ind. Ct. App. 2002), the court held that under this language, the mortgagee's interest is the extent of its lien at the time of the loss. *Id.* at 1223-24. That includes mortgage interest and fees accrued under the mortgage contract *up to* the date of the loss, but does not include mortgage interest or fees *after* the date of the loss. *Id.* Ocwen has never challenged the applicability of *Fifth Third Bank.* Its summary judgment submissions are clear that the amount of its lien as of the date of the loss was $86,776.63. (Ocwen Reply Brief, Dkt. 102, at p. 3). The "accrued interest and fees up to the date of judgment" referenced by Ocwen in its summary judgment briefing captured consequential damages (*id.* at pp. 4-5). The Court inadvertently borrowed that phrase in its summary judgment entry, but it clearly ruled that Ocwen is not entitled to consequential damages.

The Court must therefore correct its description of the type and amount of damages awarded to Ocwen and against American Family, as well as against Nationwide. The insurers are liable only for the mortgage debt on the Talley Avenue residence—including principal and interest—as of the date of the loss of November 12, 2005. It is undisputed that that amount is $86,776.63. (*See* Dkt. 102 at p. 3). The Court strikes paragraph (2) of the Conclusion section on page 31 of its summary judgment order (and the same language at page 22), at Docket 104, and adjudges instead that "American Family and Nationwide are liable to Ocwen for the

mortgage debt owing on the Talley Avenue residence, including principal and interest, calculated as of the date of the loss of November 12, 2005."

Prejudgment Interest

Ocwen argues that if it is not entitled to interest and fees up to the time of judgment as provided in the original summary judgment order, it should be awarded prejudgment interest as provided by Indiana law.  (*See* Dkts. 87 and 119.)  The Court agrees.

In diversity cases, the federal court applies state law to determine the availability and calculation of prejudgment interest.  *Medcom Holding Co. v. Baxter Travenol Laboratories, Inc.,* 106 F.3d 1388, 1405 (7th Cir. 1997).  The parties have never disputed that Indiana law applies to the subject insurance contracts.  Under Ind. Code §§ 24-4.6-1-102 and -103, the prevailing party in a contract action is entitled to prejudgment interest at 8% simple interest per annum where contract damages are "ascertain[able] as of a particular time in accordance with fixed rules of evidence and known standards of evaluation."  *Blue Valley Turf Farms, Inc. v. Realestate Mktg. & Dev., Inc.,* 424 N.E.2d 1088, 1090-91 (Ind. Ct. App. 1981).  *Kummerer v. Marshall,* 971 N.E.2d 198, 201 (Ind. Ct. App. 2012) (prejudgment interest appropriate in contract action where damages calculated based on amounts owed under note).

Prejudgment interest accrues from the time "the principal amount was demanded or due."  *Thor Electric, Inc. v. Oberle & Assoc., Inc.,* 741 N.E.2d 373, 380 (Ind. Ct. App. 2000).  The Court finds that in this case the appropriate date for the

5

accrual of prejudgment interest as to both insurers is the date of demand, measured by the date that Ocwen filed its complaint. The complaint served as an unequivocal demand for payment and by the time of its filing, the insurers had had sufficient opportunity to investigate Ocwen's proof of claim and its pre-suit position that the insurers were liable for the amount of Ocwen's mortgage lien as of the date of the loss.[2]

Prejudgment interest is appropriate here against American Family and Nationwide because, as the Court has found, their policies obligated them to pay Ocwen as mortgagee an easily calculable amount (the payoff balance as of the date of loss). Undisputed evidence proved that the mortgage debt (calculated in accordance with the mortgage instrument, and thus in accordance with fixed rules of evidence and based on known standards of evaluation) as of November 12, 2005, was $86,776.63. (*See* Ocwen's Payoff Quote Good Through November 10, 2005, Dkt. 90-3 (Ex. 3(C)).

Simple interest at 8% per annum on $86,776.63, measured from November 9, 2007 (the date the complaint was filed), through and including March 29, 2013, is $37,379.08 (principal of $86,776.63 multiplied by daily interest rate of .0002191 multiplied by 1966 days).

---

[2] Ocwen has asked for an earlier start date—the date of the fire loss. *See* Dkts. 87, 119. But that is not the date the amount was due to or demanded by Ocwen. Ocwen has not presented any *evidence* of a demand it made or a point at which payment could be said to have been due that is earlier than the filing of its complaint in this case. And, as Ocwen has forcefully argued in another context, all evidence as to liability and damages should have been put before the Court at the summary judgment stage. *See* Dkt. 125.

Simple interest at 8% per annum on $43,388.32 (half of the amount owed under the mortgage on November 12, 2005) from November 9, 2007, through and including March 29, 2013, is $18,689.54.

Pro Rata Clauses for Other Insurance

All parties agree that the American Family and Nationwide policies each contains an "other insurance clause" requiring the pro rata sharing of coverage. All parties also agree that the clauses apply in this case. (*See* Dkt. 122.) American Family's policy states: "If both this and other insurance apply to a loss, we will pay our share. Our share will be the proportionate amount that this insurance bears to the total amount of all applicable insurance." (Dkt. 85-1, page 11, pageID 786). Nationwide's policy states: "If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss." (Dkt. 88-1, page 45, pageID 908). Because the Court has adjudged that both American Family *and* Nationwide owe coverage to Ocwen as mortgagee for the same mortgage debt as of the date of loss on November 12, 2005, the other insurance clauses are triggered. Each insurer is therefore liable for only one-half of the mortgage debt as of November 12, 2005, plus prejudgment interest thereon.

The Court acknowledges, however, that American Family intends to appeal the Court's determination that its policy provided any coverage to Ocwen. In the event that the Court's judgment is reversed on appeal and the American Family policy did not provide other insurance, then the parties may seek appropriate relief

with respect to Nationwide's obligation without application of the other insurance clause of its policy.

Set-off and Mitigation

The Court rejects the insurers' arguments that set-offs against the adjudged mortgage debt as of November 12, 2005, are appropriate, or that the adjudged debt should be reduced based on a mitigation of damages defense. The measurement of damages in the form of the mortgage debt as of the date of the loss puts the parties in the same but no better position than they would have been in had all contractual promises been performed. And just as judgment in favor of Ocwen should not include compensation with respect to events or matters accruing after the date of loss, neither should Ocwen's judgment be reduced by matters that occurred or failed to occur after that date, including (a) Ocwen's suit for insurance coverage rather than foreclosure, (b) the insurers' payment of expenses that protect their own interests in the property, and (3) any post-loss payments Ocwen received to which the insurers will be subrogated upon payment of the mortgage lien.

Payment by the insurers of the adjudicated amount set forth in this order entitles them, under their insurance contracts, to assignment and transfer of the mortgage or other collateral to the mortgage debt. Judgment in this case will not alter those obligations.

## Conclusion

The Court thus resolves all pending motions regarding its summary judgment order entered March 29, 2012, and the appropriate calculation of amounts owed by the insurers. Judgment, by separate entry, will issue as follows:

a. In favor of plaintiff Ocwen and against defendant American Family Mutual Insurance Company for the total amount of **$62,077.86** (consisting of one-half of the November 12, 2005 payoff amount, or $43,388.32, plus prejudgment interest of $18,689.54).

b. In favor of plaintiff Ocwen and against defendant Nationwide Mutual Fire Insurance Company for the total amount of **$62,077.86** (consisting of one-half of the November 12, 2005 payoff amount, or $43,388.32, plus prejudgment interest of $18,689.54).

SO ORDERED.

Date: 03/28/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lucy Renee Dollens
FROST BROWN TODD LLC
ldollens@fbtlaw.com


Melanie D. Margolin
FROST BROWN TODD LLC
mmargolin@fbtlaw.com

Michael A. Rogers
FROST BROWN TODD LLC
mrogers@fbtlaw.com

Beth A Barnes
HUME SMITH GEDDES GREEN & SIMMONS
bbarnes@humesmith.com

Michael R. Bain
HUME SMITH GEDDES GREEN & SIMMONS
mbain@humesmith.com

Samuel Dustin Ellingwood
HUME SMITH GEDDES GREEN & SIMMONS
sellingwood@humesmith.com

Seth Robert Wilson
HUME SMITH GEDDES GREEN & SIMMONS LLP
swilson@humesmith.com

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com

Chantelle Renee Neumann
POTESTIVO & ASSOCIATES, P.C.
cneumann@potestivolaw.com